IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MARSHALL DEWAYNE WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:15-CV-160 |
| UNKNOWN FEDERAL AGENTS, *et al.*, | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Plaintiff, Marshall Dewayne Williams, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this civil rights complaint against Unknown Federal Agents and the United States of America.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that the defendants subjected him to various acts of torture while he was confined in Lewisburg, Pennsylvania during 2010 and 2012.

Analysis

Venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of alleged constitutional violations which occurred at a facility in Lewisburg, Pennsylvania. Further, the defendants are located in Lewisburg, Pennsylvania. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their officials duties, which in this case is Lewisburg, Union County,

Pennsylvania.  *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 118, Union County is located within the jurisdictional boundaries of the United States District Court for the Middle District of Pennsylvania.  Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The claims in this action should be transferred to the Middle District of Pennsylvania.  An appropriate order so providing will be entered by the undersigned.

**SIGNED** this the   6   day of _____May_____, 2015.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE.